IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| WANDA J. DERRICKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-05035-CV-SW-SWH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Counsel for plaintiff has filed a Motion for 42 U.S.C. § 406(b) Fees requesting attorney fees in the amount of $10,262.50 pursuant to a contingency fee contract. (Doc. # 22) Prior to filing this fee application, counsel for plaintiff was awarded $5,762.50 under the Equal Access to Justice Act for attorney and paralegal fees and $376.50 for expenses, including the filing fee. (Doc. # 22 ¶ 6) Following the Sentence Four remand in this case, plaintiff was awarded retroactive benefits from which $18,329.00 was withheld because claimant was represented by counsel. (Doc. # 22 ¶ 3; Doc. #23 at 1) The Commissioner has agreed that an attorney fee award of $10,262.50 is reasonable and appropriate. (Doc. # 23)

DISCUSSION

As a part of its judgment in a social security disability case, the court may award "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment...." 42 U.S.C. § 406(b)(1)(A). The fee is payable out of the past-due benefits awarded to the claimant. Within the twenty-five percent range, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel has attached a detailed statement of the time expended and services provided to plaintiff. (Doc. # 22-3) The Court is aware that counsel specializes in this area, and is familiar with the applicable statutes, regulations, policies, evidentiary rules and case law necessary for the representation of Ms. Derrickson. Furthermore, the Commissioner does not object to the reasonableness of the attorney fees. (Doc. #23 at 2)

Counsel's time records reflect 30 hours of time was spent representing claimant before the district court. The requested fee results in an hourly rate of less than $350.00 per hour. The Court concurs with the Commissioner that the fee requested is reasonable. Counsel, however, recognizes that he cannot fee both the contingency fee and the fee awarded under the Equal Access to Justice Act. Therefore, it is

ORDERED that the Motion for 42 U.S.C. §406(b) Fees (Doc. # 22) is granted. It is further

ORDERED that the Commissioner is directed to pay counsel for claimant the $10,262.50 previously withheld from claimant's past due benefits. It is further

ORDERED that counsel is directed to refund to claimant $5,762.50 which represents attorney fees previously paid to counsel under the Equal Access to Justice Act.

/s/
SARAH W. HAYS
United States Magistrate Judge